**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

TECHFIELDS PHARMA CO., LTD.,

           Plaintiff,

           v.

COVANCE, INC. and FISHER CLINICAL
SERVICES, INC.,

           Defendants.

Civil Action No. 16-1148 (MAS) (LHG)

**MEMORANDUM OPINION & ORDER**

FILED UNDER TEMPORARY SEAL

       This matter comes before the Court upon the Joint Motion to Seal of Defendants Covance, Inc. and Fisher Clinical Services, Inc. ("Defendants").  (ECF No. 102.)  Plaintiff Techfields Pharma Co., Ltd. ("Plaintiff") filed Opposition (ECF No. 103) and Defendants filed a Reply (ECF No. 104).  The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.  For the reasons set forth below, Defendants' Joint Motion is denied without prejudice.

## I.    BACKGROUND

       The substantive claims alleged in this lawsuit are discussed in the Court's previous opinions and will not be repeated herein.[1]  Defendants' current Joint Motion to Seal stems from the underlying documents related to the litigation, specifically:  (1) the Clinical Services

---

[1] The Undersigned previously decided the following motions in this matter: (1) Covance's Motion to Dismiss (Aug. 9, 2017, ECF Nos. 62-63); (2) Fisher's Motion to Dismiss (Aug. 9, 2017, ECF Nos. 62-63); (3) Covance's Motion to Dismiss Counts II and III of the Amended Complaint (Apr. 30, 2018, ECF Nos. 115-16); (4) Fisher's Motion to Dismiss Counts II and III of the Amended Complaint (Apr. 30, 2018, ECF Nos. 115-16); and (5) Techfields's Motion to Strike (Apr. 30, 2018, ECF No. 115-16).

Agreement; (2) the Master Clinical Services Agreement; (3) Covance's draft Clinical Trial Supply Plan; (4) Plaintiff's Complaint; (5) Plaintiff's Amended Complaint; (6) the November 17, 2016 transcript of the Motion to Dismiss hearing; (7) the August 9, 2017 Memorandum Opinion on Defendants' Motion to Dismiss; and (8) documents that refer to or otherwise reflect the allegedly confidential provisions. (Defs.' Notice of Motion 1-2, ECF No. 102.)

## II.    **LEGAL STANDARD**

Generally, the public has a common law right of access to judicial proceedings and records. *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). This right, nevertheless, is not absolute. *Littlejohn*, 851 F.2d at 678; *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). Before a court can grant a party's request to file a document under seal that would otherwise be a public document, the party seeking the relief must demonstrate that "good cause" exists for exempting the document. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). To determine whether good cause exists, courts should evaluate the factors outlined under Local Civil Rule 5.3(c)(3), which provides that a party moving to seal must describe with particularity:

  (a) the nature of the materials or proceedings at issue;
  (b) the legitimate private or public interest[s] which warrant the relief sought;
  (c) the clearly defined and serious injury that would result if the relief sought is not granted;
  (d) why a less restrictive alternative to the relief sought is not available;
  (e) any prior order sealing the same materials in the pending action; and
  (f) the identity of any party or nonparty known to be objecting to the sealing request.

L.Civ.R. 5.3(c)(3).

Thus, to justify entry of an order sealing judicial records, the moving party "bears the burden of showing that the material is the kind of information that courts will protect" and that

"disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (*quoting Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Furthermore, "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194; *Pansy*, 23 F.3d at 786.

III.    **DISCUSSION**

The sealing issue in this case has a lengthy history.[2] Defendants' current Joint Motion to Seal followed a conference with and orders entered by the Honorable Lois H. Goodman, the magistrate judge assigned to this matter. (*See* Dec. 7, 2016 Text Minute Entry; Dec. 15, 2016 Text Order (ECF No. 50); Dec. 20, 2016 Letter Order (ECF No. 53).)

Based on the extensive number of individual requests to seal at issue, the Undersigned elected to perform a preliminary review of the motion papers. It is clear to the Court that Index U, a comprehensive chart that includes: the materials to be sealed; a summary of the parties' positions; and references to the relevant declarations, reflects a considerable amount of effort on the part of both parties. Moreover, Index U reflects several instances where one or both defendants have withdrawn requests to seal.[3] Nevertheless, even after considering the forty-five withdrawn

---

[2] On March 1, 2016, Plaintiff filed a Motion to Seal portions of the Complaint (ECF No. 3), which the Court denied without prejudice on March 11, 2016 (ECF No. 9). On April 26, 2016, Defendants filed a Joint Motion to Seal. (ECF No. 13.) The Court's November 30, 2016 Letter Order: (1) indicated that the parties' submission left the Court with significant questions as to the scope of the materials Defendants sought to seal; (2) scheduled a December 2016 telephone status conference to address the Court's concerns; and (3) administratively terminated the Motion. (Nov. 30, 2016 Letter Order, ECF No. 48.)

[3] Covance's withdrawn requests are indicated in numbers: 1, 6, 8, 10, 12, 14, 60, 64, 69, 73-74, 83, 86, 130-131, 136, 140, 217, 220, and 226. Fisher's withdrawn requests are indicated in numbers: 63, 96, 103, 206, 215-216, and 224. Defendants' joint withdrawn requests are indicated

requests, the Court must still analyze 184 individual sealing requests. This constitutes a substantial number of requests and will require the magistrate judge to expend a significant amount of time and effort to review, consider, analyze, and decide. Having performed the preliminary review, the Court finds that Defendants have still over-designated portions of the record. By way of example[4], the Clinical Services Agreement contains the following provisions:

> 2.1.    Subject to the terms and conditions hereof, in consideration for the Services to be provided by Covance under the terms of this Agreement, Covance shall be paid a fixed amount per the payment schedule attached as Exhibit B for fees associated with the performance of the Services.

> 6.1.    All materials, documents, data, information and suggestions of every kind and description supplied to Covance by Techfields or prepared or developed by Covance solely pursuant to this Agreement shall be the sole and exclusive property of Techfields.

> 8.5.    The obligations of the parties under this Section 8 shall survive the termination of this Agreement. Further, a breach by the Indemnified Party of its obligations under this Agreement or the protocol shall not relieve the Indemnifying Party of its obligations under this Section unless such breach was solely responsible for the Loss or Claim as determined by a court of competent jurisdiction in a final and non-appealable decision or in a binding agreement between the parties.

(Clinical Services Agreement, ECF No. 18.) The Master Clinical Services Agreement contains similar paragraphs. For example:

> 2.3 Staffing. Fisher will undertake to provide the necessary staffing and resources to meet the obligations outlined in each Task Order. In the event a Fisher employee who is providing Services under a Task Order resigns or is terminated, Fisher shall take the appropriate measures to assure the quality of Services being rendered shall not in any way be adversely affected by such resignation or termination, including promptly replacing such employee. Both Fisher and

---

in numbers: 17-18, 24, 27-30, 34-35, 38, 40, 50, 54, 61, 65, 70, 82, and 221. Accordingly, of the 229 total issues, 45 have been withdrawn by the parties.

[4] The Court has only provided limited examples.

Covance shall be solely responsible for the costs of their internal personnel who either participate or otherwise fulfill the terms of this Agreement. All Fisher personnel providing Services to Covance shall be qualified to perform such Services in a competent and efficient manner and in accordance [sic] good manufacturing practices ("GMP") and ICH regulations, when applicable.

3.2 <u>Financial Audit</u>. During the term of this Agreement, and for three (3) years after its expiration or termination, Covance may audit any financial records of Fisher associated with this Agreement. Such records may include, without limitation to the extent they relate to this Agreement, invoice records, confidentiality, debarment and patent rights clauses and payments related to this Agreement.

4.2 <u>Insurance by Sponsor</u>. Covance requires that Sponsor maintains at its own expense appropriate commercial general liability insurance or program of self-insurance to cover obligations hereunder, including products liability insurance to cover completed operations for human clinical trials. Covance shall request and provide, to Fisher, Sponsor's Certificate of Insurance substantiating the existence of this insurance promptly upon any request by Fisher. Fisher shall have the right to request evidence of such insurance coverage directly from Sponsor.

(Master Clinical Services Agreement, ECF No. 19.)

Here, Defendants seek to seal the majority of the Clinical Services Agreement and a significant portion of the Master Clinical Services Agreement. Defendants, however, did not demonstrate that sealing such large portions of both agreements would constitute the least restrictive alternative available pursuant to Local Civil Rule 5.3(c)(3)(d). Moreover, with respect to the individual examples provided above[5], Defendants did not demonstrate the "clearly defined and serious injury that would result if the relief sought is not granted." L.Civ.R. 5.3(c)(3)(c). The Court, therefore, finds good cause to require Defendants to perform an additional review of the materials they seek to seal and to submit a narrowed request. Following submission of a

---

[5] The Court's reasoning most likely also applies to numerous other instances not discussed herein.

streamlined request that more closely conforms to the requirements of Local Civil Rule 5.3(c), the magistrate judge will perform an expedited review of the Motion.

## IV.   **ORDER**

For the reasons set forth above, and for other good cause shown,

**IT IS** on this 31st day of July, 2018, **ORDERED** that:

1.   Defendants' Joint Motion to Seal is denied without prejudice.

2.   The documents at issue will remain under seal pending further submission of the parties and consideration by the magistrate judge.

3.   Defendants must perform another review of Index U, following which the parties must meet and confer and attempt to resolve any remaining disputes.

4.   By **August 31, 2018**, the parties must e-file correspondence with the following attachments: (1) a revised Index U; and (2) any other documents required by the magistrate judge.[6] At that time, the Clerk will reopen the Motion and the magistrate judge will expedite consideration of the Motion.

5.   As this Memorandum Opinion & Order references sealed documents, the Court files the Memorandum Opinion & Order under Temporary Seal. The parties have until **August 31, 2018** to electronically file a motion to seal or otherwise restrict access that complies with Local Civil Rule 5.3(c). If the parties do not file a motion by this deadline, the Court will issue an order unsealing the Memorandum Opinion & Order.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[6] The magistrate judge will issue a text order with respect to any further required submissions.