UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| TECHFIELDS PHARMA CO., LTD., | CIVIL ACTION NO.: 3:16-CV-1148-MAS-LHG |
|---|---|
| Plaintiff, | |
| v. | |
| COVANCE INC. and FISHER CLINICAL SERVICES, INC., | |
| Defendants. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF JOINT UNOPPOSED MOTION TO SEAL PORTIONS OF APRIL 9, 2018 MOTION HEARING TRANSCRIPT

Defendant Covance Inc. ("Covance") and Defendant Fisher Clinical Services Inc. ("FCS") (collectively, "Defendants"), respectfully submit the following findings of fact and conclusions of law in support of their Joint Unopposed Motion to Seal the April 9, 2018 Motion Hearing Transcript [Docket Entry No. 147], which is unopposed by Plaintiff Techfields Pharma Co., Ltd. ("Plaintiff").

### FINDINGS OF FACT

1. This action was commenced by Plaintiff on February 29, 2016 against Defendants.

2. On December 22, 2017, Defendants filed an Omnibus Motion to Seal regarding all documents that they sought to have sealed in this action. ECF No. 102.

3. On July 31, 2018, the Court issued a Memorandum Opinion and Order denying Defendants' Omnibus Motion to Seal without prejudice. The Court directed Defendants to submit a more streamlined request to seal, consistent with District of New Jersey Local Civil Rule ("Local Rule") 5.3(c), and directed Defendants to e-file correspondence attaching a revised Index U and any other relevant documents by August 31, 2018, at which time the Court would reopen the Omnibus Motion to Seal. ECF No. 132.

4. On August 31, 2018, Defendants submitted a revised Index U reflecting a more narrowed scope of documents to be sealed, which was unopposed by Plaintiff. ECF No. 135.

5. On September 24, 2018, the Court granted the Omnibus Motion to Seal, finding that Defendants had satisfied the requirements of Local Rule 5.3(c) and ordering sealed the material referenced in the Omnibus Motion to Seal. ECF No. 137.

6. On April 16, 2019, the Court directed the parties to review the transcript of the April 9, 2018 hearing on Defendants' motions to dismiss and Plaintiff's motion to strike (the "April 9, 2018 Transcript") to determine whether any material should be sealed pursuant to Local Rule 5.3(c).

7. The April 9, 2018 Transcript contains references to confidential and commercially sensitive material that the Court sealed pursuant to its September 24, 2018 Order granting the Omnibus Motion to Seal. Defendants seek to seal the

following statements in the April 9, 2018 Transcript referencing information about limitation of liability clauses in the parties' contracts that this Court ordered sealed on September 24, 2018:

    a. Statements in the April 9, 2018 Transcript that reference highly commercially sensitive terms of the Clinical Services Agreement between Covance and Techfields ("CSA") addressing limitations of liability that are the product of extensive negotiations, the disclosure of which would put Covance at a significant disadvantage in future negotiations. Tr. 5:10 – 5:14 ("provides that -- . . . I would also"); 11:11 – 11:15 ("provisions of the CSA. . . . Techfields and Covance are"); 11:18 – 11:21 ("unambiguous provision. . . . So there is no"); 11:23 – 11:25 ("Section 10.1 applies . . . would be rendered").

    b. Statements in the April 9 Transcript that reference highly commercially sensitive terms of the Master Clinical Services Agreement between Covance and FCS ("MCSA") addressing limitations of liability that are the product of extensive negotiations, the disclosure of which would put Defendants at a significant disadvantage in future negotiations. *See id.* 15:1 – 15:4 ("And that clause . . . That's another reason").

8. The statements to be sealed disclose the contents of specific contract provisions containing commercially sensitive business information that, if made public, would affect Defendants' ability to compete for and negotiate competitive contracts of similar kind. The parties' contracts contain an express confidentiality provision and the contracts themselves are marked as confidential.

9. It is in Defendants' interest to maintain the confidentiality of these underlying contractual provisions because they would be at a competitive disadvantage when negotiating future contracts and business relationships with manufacturers, vendors and suppliers if these contractual provisions were publicly

3

disclosed. Such information is confidential commercially sensitive business information that Defendants have a legitimate interest in protecting because if a competitor or potential vendor gains access to such information, it would be able to leverage this knowledge to compete more effectively against, or negotiate with greater insight into, Defendants' interests.

10. Absent an order sealing statements in the April 9, 2018 Transcript referring to limitation of liability clauses in the parties' contracts, confidential business information would become publicly available. Public access to such material would be contrary to the Court's September 24, 2018 sealing order.

## **CONCLUSIONS OF LAW**

1. On May 6, 2019, Defendants filed a Joint Unopposed Motion to Seal requesting that this Court seal the following (collectively, "Statements"):

   a. Statements in the April 9, 2018 Transcript that reference highly commercially sensitive terms of the CSA addressing limitations of liability that are the product of extensive negotiations, the disclosure of which would put Covance at a significant disadvantage in future negotiations. *See* Tr. 5:10 – 5:14 ("provides that -- . . . I would also"); 11:11 – 11:15 ("provisions of the CSA. . . . Techfields and Covance are"); 11:18 – 11:21 ("unambiguous provision. . . . So there is no"); 11:23 – 11:25 ("Section 10.1 applies . . . would be rendered").

   b. Statement in the April 9, 2018 Transcript that reference highly commercially sensitive terms of the MCSA addressing limitations of liability that are the product of extensive negotiations, the disclosure of which would put Defendants at a significant disadvantage in future negotiations. *See id.* 15:1 – 15:4 ("And that clause . . . That's another reason").

2. This Court finds that Defendants have satisfied the requirements of Local Rule 5.3(c) and therefore the Statements shall be sealed in order for the integrity of the information contained therein to be protected.

3. This Court finds that the parties have legitimate privacy interests in maintaining the confidentiality of the Statements referenced above as they include reference to confidential contracts that set forth scope of work and performance obligations of the parties, which are subject to comprehensive and confidential negotiations, and which, if publicly disclosed, could adversely affect the producing party's privacy interests.

4. This Court finds there is a substantial and compelling interest in maintaining the confidentiality of the aforementioned Statements and that clearly defined serious injuries would result to Defendants if the relief sought by Defendants is not granted.

5. This Court finds that there is no less restrictive means by which to protect the parties' interests at this time.

6. Although there is a presumptive right of public access to judicial proceedings and records, courts have recognized that such right is not absolute; and further, that the presumption may be rebutted. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

7. To overcome the burden of openness and to justify entry of an order sealing judicial records, the moving party must demonstrate: (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking disclosure. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

8. Once the moving party has established the foregoing two elements, a district court will engage in a balancing process, pursuant to which the court will weigh the common law presumption of access against those factors that militate against access. *In re Cendant Corp.*, 260 F.3d at 194.

9. Factors that the district court may consider include: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). This list is not exhaustive and "discretion should be left to the court to evaluate the competing considerations in light of the facts of individual cases." *Pansy*, 23 F.3d at 789.

10. This Court concludes that, consistent with its September 24, 2018 sealing order, the articulated bases for sealing the aforementioned Statements in the April 9, 2018 Transcript weigh against the presumptive right of public access, and the material must therefore be sealed as a matter of law.

SO ORDERED:

Dated: June 13, 2019

Honorable Lois H. Goodman, U.S.M.J.

## ORDER

On this _13th_ day of _June_, 20_19_, pursuant to the foregoing Findings of Fact and Conclusions of Law, it is **ORDERED** that the parties' Joint Unopposed Motion to Seal Portions of the April 9, 2018 Motion Hearing Transcript [Docket Entry No. 14] is **GRANTED**.

It is further **ORDERED** that the Clerk is directed to redact the confidential portions of the April 9, 2018 Motion Hearing Transcript (ECF No. 146) as noted above.

**SO ORDERED:**

_____
Honorable Lois H. Goodman, U.S.M.J.