UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TECHFIELDS PHARMA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> COVANCE, INC., et al., <br><br> Defendants. | Civil Action No. 16-1148 (RK) (JBD) <br><br> **MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon a letter from Defendants' counsel dated December 30, 2024 (ECF No. 410) opposing Plaintiff's request for leave to take a videotaped trial deposition *de bene esse* to preserve the testimony of one of its expert witnesses, Dr. William L. Schary, Ph.D., who will be unavailable for trial set to begin on February 19, 2025 (ECF No. 402). Prior to receiving Defendants' counsel's letter, the Court considered Plaintiff's request, which indicated Dr. Schary would be "unavoidably out of the country" on a "pre-planned, multi-week, prepaid vacation and cruise throughout the Pacific Ocean beginning on or about January 20, 2025, and extending through early April, which cannot be changed or cancelled." (*Id.* at 1.) Plaintiff's counsel represented that they discussed Dr. Schary's *de bene esse* deposition with Defendants' counsel "multiple times, including via written correspondence and videoconference," and "Defendants' counsel indicated their opposition in a one-sentence email on December 27, 2024, but have not articulated specific reasons for their opposition to the *de bene esse* deposition of Dr. Schary." (*Id.* at 2.) Thereafter, the Court in its discretion granted Plaintiff leave to take the deposition. (ECF No. 407); *see Weiss v. First Unum Life Ins.*, No. 02-4249, 2010 WL 1027610, at *2 (D.N.J. Mar. 16, 2010) ("[T]he decision of whether to permit a *de bene esse* deposition lies in

**NOT FOR PUBLICATION**

the sound discretion of the Court."). After that order was issued, Defendants filed a letter asking the Court to reconsider same because Defendants "will be severely prejudiced by the allowance of a trial deposition for this expert witness, and because Plaintiff's request rests on flawed legal grounds." (ECF No. 410 at 1.)

The Court has fully reviewed and considered Defendants' counsel's letter. Defendants point the Court to only nonbinding, nonprecedential case law that purports to support denying Plaintiff's request for leave as a matter of law. However, this District has previously observed that "many expert witnesses submit to *de bene esse* depositions rather than appear in person at trial." *Goldstein v. MGM Grand Hotel & Casino*, No. 15-4173, 2015 WL 9918414, at *3 n.2 (D.N.J. Nov. 5, 2015). Defendants have been on notice since at least December 16, 2024 (*see* ECF No. 402 at 2) as to the possibility of this deposition occurring, and as such, their arguments that they would be prejudiced because the deposition "is not an appropriate use of the parties' time" "given the limited time between now and trial," and that Plaintiff "waited" to notice the deposition for January 17 (ECF No. 410 at 7) are not compelling. Defendants' counsel's letter will not result in this Court disturbing its initial decision on this issue. To be clear, the Court will still consider in full Defendant Covance, Inc.'s Motion in Limine to Exclude the Report, Opinions, and Testimony of Dr. William Schary (ECF No. 388) in due course. Thus, for the reasons set forth above, and for good cause shown,

**IT IS** on the 2nd day of January, 2025, **ORDERED** that Plaintiff's request for leave to take a videotaped trial deposition *de bene esse* to preserve the testimony of Dr. William L. Schary, Ph.D. remains **GRANTED**.

---
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**